PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RAMON ALBERTO ANTIGUA
VICTORIO,[1]

        Plaintiff,

    v.

DHS/ICE,

        Defendant.
_____

**DECISION AND ORDER**

6:24-CV-06540 EAW

## INTRODUCTION

*Pro se* plaintiff, Ramon Alberto Antigua Victorio ("Plaintiff"), filed a complaint seeking relief under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), relating to events which occurred while he was a federal immigration detainee at the Buffalo Federal Detention Center in Batavia, New York. (Dkt. 1 at 4-5). This matter was transferred from the United States District Court for the Eastern District of New York. (Dkt. 4). Plaintiff sues the United States Department of Homeland Security ("DHS") and the United States Immigration and Customs Enforcement ("ICE"). He has paid the filing fee.

For the reasons that follow, the complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 12(h)(3) for lack of subject matter jurisdiction.

---

[1]    The Clerk of Court is directed to amend the caption accordingly.

Plaintiff may file an amended complaint within 45 days of the date of this Decision and Order.

**DISCUSSION**

Since Plaintiff "is neither proceeding *in forma pauperis* nor a prisoner, the Court . . . [may] not screen his claims under 28 U.S.C. §[§] 1915(e)(2)(B) or 1915A. . . ." *Mills v. Fischer*, No. 09-CV-0966A, 2010 WL 364457, at *3 n.2 (W.D.N.Y. Feb. 1, 2010). Nevertheless, "a district court may always *sua sponte* dismiss a *pro se* plaintiff's complaint based on frivolousness," *LaSpisa v. CitiFinancial Co.*, No. 19-CV-0228 (GTS/DJS), 2020 WL 2079410, at *3 (N.D.N.Y. Apr. 30, 2020) (citing *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000)), or for lack of subject matter jurisdiction, Rule 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Lewis v. Thoms*, No. 21-CV-6738-FPG, 2023 WL 35330, at *2 (W.D.N.Y. Jan. 4, 2023) ("a district court 'has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that . . . the Court lacks subject-matter jurisdiction[.]'" (alternations in original) (quoting *Li v. Dillon*, No. 21-CV-5735 (VEC), 2021 WL 3146033, at *1 (S.D.N.Y. July 23, 2021))).

I.  **PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that from May 5, 2022, to September 13, 2023, he was confined at the Buffalo Federal Detention Facility. (Dkt. 1 at 5). He states that he was kept "for hours in a locked cell with only several hours of rest and recreation a day for an alleged charge of deportation" that was "not . . . upheld in any immigration court for imminent deportation." (*Id.*). He alleges that he suffered depression, anxiety, and fear. (*Id.* at 7).

He also required therapy and medication to treat his resulting mental health conditions. (*Id.*). The attachments incorporated into and considered part of the complaint indicate that Plaintiff was previously convicted of possession of a narcotic drug and found deportable under 8 U.S.C. § 1227. (Dkt. 1-2 at 8-9).

Plaintiff alleges that he should not have been detained, and he appears to request monetary damages for the days he was detained and for "perjury," as well as the reinstatement of his status as a lawful permanent resident. (Dkt. 1 at 7 ("I be paid for all the days I have had my immigration status returned [*sic*] to me, permanent resident plus the perjury claim for $2.5 million dollar.")). Liberally construed, Plaintiff alleges constitutional violations arising from the conditions of his confinement and unlawful detention.

The attachments to the complaint (Dkt. 1-2 at 9, 10) indicate that Plaintiff commenced two related proceedings: (1) a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which was dismissed by stipulation of the parties on September 15, 2023, upon Plaintiff's release from ICE custody (*see Antigua v. Searls*, No. 6:23-CV-06412 (EAW), Dkt. 4; Dkt. 5 (W.D.N.Y. Sept. 25, 2023)); and (2) a petition filed with the Second Circuit challenging the decisions of the Immigration Judge and Board of Immigration Appeals that his state convictions constituted controlled substance offenses that rendered him removable, which remains pending (*see Antigua v. Bondi*, Second Circuit Court of Appeals Docket No. 22-6535, Dkt. 1 (2d Cir. Nov. 18, 2022)).[2]

---

[2] The Court may take judicial notice of judicial decisions and documents filed in other courts. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts

## II.   SOVEREIGN IMMUNITY AND *BIVENS*

"Absent an 'unequivocally expressed' statutory waiver, the United States, its agencies, and its employees (when functioning in their official capacities) are immune from suit based on the principle of sovereign immunity." *Cnty. of Suffolk, N.Y. v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010) (citing *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260-61 (1999)). "While the FTCA [Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80] provides a limited waiver of sovereign immunity for certain tort claims, Congress has not waived the United States' sovereign immunity with respect to constitutional tort claims." *Davila v. Gutierrez*, 330 F. Supp. 3d 925, 937 (S.D.N.Y. 2018) (citing *FDIC v. Meyer*, 510 U.S. 471, 478 (1994)); *see also Chen v. United States*, 854 F.2d 622, 625-26 (2d Cir. 1988), *aff'd*, 791 F. App'x 211 (2d Cir. 2019).³

---

routinely take judicial notice of documents filed in other courts, . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.").

³   The Court has not construed the complaint as making a claim under the FTCA because Plaintiff does not name the United States as defendant as required by 28 U.S.C. § 1346. There is also nothing in the record before the Court to suggest that Plaintiff exhausted his administrative remedies by presenting his claim to the appropriate federal agency as required by 28 U.S.C. § 2675(a). This requirement "is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994)). In other words, Plaintiff would need to pursue any potential FTCA claim before the appropriate federal agency before it could be asserted in a federal district court. Likewise, because Plaintiff has named only a federal defendant, the Court has not interpreted the complaint as asserting any claim pursuant to 42 U.S.C. § 1983. *See Haynes v. Quality Markets*, No. 02-CV-250, 2003 WL 23610575, at *2 (E.D.N.Y. Sept. 22, 2003) ("the actions of the federal government and its agencies and officials are beyond the purview of § 1983, which applies only to state actors acting under color of state law" (citing *Wheeldin v. Wheeler*, 373 U.S. 647, 650 (1963); *District of Columbia v. Carter*, 409 U.S. 418, 423-25 (1973)), *report and recommendation adopted*

Correspondingly, "Congress has never 'provide[d] a specific damages remedy for plaintiffs whose constitutional rights were violated by agents of the Federal Government.'" *Cohen v. Trump*, No. 23-35, 2024 WL 20558, at *2 (2d Cir. Jan. 2, 2024) (alteration in original) (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 130 (2017)), *cert. denied*, 145 S. Ct. 415 (2024). "A *Bivens* action is a judicially-created remedy designed to provide individuals with a cause of action against federal officials who have violated their constitutional rights." *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) (citation omitted). Because of sovereign immunity and the absence of a statutory damages remedy, "[c]onstitutional tort claims . . . must be brought against individual federal agents or employees in their individual capacities through a *Bivens* action." *Davila*, 330 F. Supp. 3d at 937 (citing *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994)).

"When a court dismisses without prior notice for lack of subject-matter jurisdiction, the defect must be 'unmistakably clear.'" *Byvalets v. 1053 Owners Corp.*, No. 22-2766, 2023 WL 8643139, at *1 (2d Cir. Dec. 14, 2023) (quoting *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018)). The subject matter jurisdiction defect here falls into that category. Since Plaintiff's claims are brought against federal agencies— DHS and ICE—and not against any federal officer in his or her individual capacity, the complaint must be dismissed for lack of subject matter jurisdiction. *See Robinson*, 21 F.3d at 510 ("[T]o the extent that Robinson's claims constituted a *Bivens* action against AAFES,

---

*sub nom. Haynes v. Quality Markets (The Penn Traffic Co.)*, 2004 WL 1146050 (W.D.N.Y. Mar. 25, 2004), *aff'd sub nom. Haynes v. Quality Markets*, 307 F. App'x 473 (2d Cir. 2008).

[a federal agency,] or the individual federal defendants in their official capacities, they were properly dismissed for want of subject matter jurisdiction." (citing *Meyer*, 510 U.S. at 485-86)).[4]

Although the Court has significant doubt that a *Bivens* remedy can be implied based on the facts of the complaint, those questions do not go to the Court's subject matter jurisdiction. *See Kaid v. Tatum*, No. 1:20-CV-03643 (JLR), 2024 WL 639331, at *2 (S.D.N.Y. Feb. 15, 2024) ("Whether a court should imply a *Bivens* remedy [against an individual defendant] is not a question of subject matter jurisdiction." (alteration in original) (quoting *Lewis v. Bureau of Alcohol, Tobacco & Firearms*, No. 16-cv-01057 (RPK), 2021 WL 2576731, at *3 (E.D.N.Y. June 23, 2021))). In the current posture of this case, the Court can go no further in addressing those issues. Having concluded that subject matter jurisdiction is lacking, the Court's appropriate recourse is to dismiss the complaint without prejudice. *See Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir.

---

[4] The Court notes that there are other potential bars to portions of Plaintiff's claims and requested relief. For instance, Plaintiff seeks reinstatement of his permanent resident status, (Dkt. 1 at 7), which he presumably lost in the removal proceeding. This Court, however, would be without jurisdiction to grant relief that would be an indirect challenge to the underlying removal order. *See* 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter. . . ."); *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011) (the jurisdictional bar of § 1252(a)(5) encompasses "indirect" challenges to removal orders).

1999) ("Article III deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist."); *Arutyunyan v. Fed. Bureau of Investigation, N.Y. State*, No. 17-3831, 2018 WL 11403559 (2d Cir. Mar. 26, 2018) (vacating and remanding with instructions to permit an amended complaint where the district court dismissed the complaint pursuant to Rule 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)(i) without leave to amend).

Finally, the Court notes that Plaintiff has not served Defendant. The Court issued an Order to Show Cause on April 8, 2025, requiring Plaintiff to show cause in writing why this case should not be dismissed for failure to serve Defendant. (Dkt. 11 at 2). Plaintiff responded but did not provide a sufficient explanation. (Dkt. 12). But because of the lack of subject matter jurisdiction, the Court is not dismissing the complaint based on Plaintiff's failure to serve at this time.

## **CONCLUSION**

For the reasons set forth above, the complaint is dismissed pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction, but Plaintiff may file an amended complaint by no later than 45 days in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint completely replaces the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, any amended complaint must include all allegations against each individual defendant Plaintiff names in the amended

complaint so that the amended complaint stands alone as the only complaint that any named individual defendants must answer in this action.

## **ORDER**

IT IS HEREBY ORDERED that the complaint (Dkt. 1) is dismissed with leave to file an amended complaint as directed above by no later than **45 days**; and it is further

ORDERED that the Clerk of Court is directed to send to Plaintiff this Order, a copy of the complaint, a blank complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that if Plaintiff does not file an amended complaint by the deadline set by the Court, the Clerk of Court shall close this case without further order; and it is further

ORDERED that Plaintiff shall notify the Court in writing if his address changes; the Court may dismiss the action if Plaintiff fails to do so.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

DATED:    April 29, 2025
          Rochester, NY