UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RAMON ALBERTO ANTIGUA
VICTORIO,

          Plaintiff,

    v.

DHS/ICE,

          Defendant.

_____

**DECISION AND ORDER**

6:24-CV-6540 EAW

## INTRODUCTION

*Pro se* plaintiff, Ramon Alberto Antigua Victorio ("Plaintiff"), filed a complaint seeking relief pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), relating to events which occurred while he was a federal immigration detainee at the Buffalo Federal Detention Facility ("BFDF") in Batavia, New York. (Dkt. 1 at 4-5).[1] Plaintiff sued the United States Department of Homeland Security ("DHS") and the United States Immigration and Customs Enforcement ("ICE"). He paid the filing fee.

On April 29, 2025, this Court issued a Decision and Order dismissing Plaintiff's complaint for lack of subject matter jurisdiction. (Dkt. 13). This Court gave Plaintiff an

---

[1] This matter was transferred from the United States District Court for the Eastern District of New York. (Dkt. 4).

opportunity to file an amended complaint. (*Id.* at 7-8). Plaintiff filed an amended complaint on June 12, 2025. (Dkt. 14).

Plaintiff's amended complaint does not address the myriad deficiencies regarding subject matter jurisdiction in the complaint. Thus, as explained below, the amended complaint is dismissed without prejudice pursuant to Fed. R. Civ. P. ("Rule") 12(h)(3) for lack of subject-matter jurisdiction and without leave to amend.

## DISCUSSION

Since Plaintiff "is neither proceeding *in forma pauperis* nor a prisoner, the Court . . . [may] not screen his claims under 28 U.S.C. §[§] 1915(e)(2)(B) or 1915A . . . ." *Mills v. Fischer*, No. 09-CV-0966A, 2010 WL 364457, at *3 n.2 (W.D.N.Y. Feb. 1, 2010). Nevertheless, "a district court may always *sua sponte* dismiss a *pro se* plaintiff's complaint based on frivolousness[,]" *LaSpisa v. CitiFinancial Co.*, No. 19-CV-0228 (GTS/DJS), 2020 WL 2079410, at *3 (N.D.N.Y. Apr. 30, 2020) (citing *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000)), or for lack of subject-matter jurisdiction, Rule 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Lewis v. Thoms*, No. 21-CV-6738-FPG, 2023 WL 35330, at *2 (W.D.N.Y. Jan. 4, 2023) ("[A] district court 'has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that . . . the Court lacks subject-matter jurisdiction[.]'" (alterations in original) (quoting *Li v. Dillon*, No. 21-CV-5735 (VEC), 2021 WL 3146033, at *1 (S.D.N.Y. July 23, 2021))).

## I.     THE AMENDED COMPLAINT

Plaintiff's allegations in the amended complaint largely mirror those in the complaint.  Plaintiff alleges that from May 5, 2022, to September 13, 2023, he was confined at the Buffalo Federal Detention Facility.  (Dkt. 14 at 3).  He alleges that he was kept for "hours in a locked cell with dingy floors and only 2 to 3 hours of sleep and recreation a day which only lasted 1 hour per day."  (*Id.*).  He alleges this detention was for a "charge of deportation that turns out not to be upheld in any immigration court for imminent deportation." (*Id.*).  He alleges that he suffered depression, anxiety, fear of harm, and sleep deprivation. (*Id.* at 6).  He also requires therapy and medication to treat his resulting mental health conditions. (*Id.*).

Plaintiff alleges that he should not have been detained, and he appears to request monetary damages for the days he was detained and for "perjury," as well as the reinstatement of his status as a lawful permanent resident. (*Id.* at 6 ("I be paid for all the days I have had my immigration status returned [*sic*] to me and permanent resident plus the perjury claim for $2.5 million dollars.")).  Liberally construed, Plaintiff realleges constitutional violations arising from the conditions of his confinement and unlawful detention.[2]

---

[2]     As noted in the Court's initial Decision and Order, the attachments to the complaint (Dkt. 1-2 at 9, 10) indicate that Plaintiff commenced two related proceedings: (1) a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which was dismissed by stipulation of the parties on September 15, 2023, upon Plaintiff's release from ICE custody (*see Antigua v. Searls*, 23-CV-06412 (EAW), Dkt. 4; Dkt. 5 (W.D.N.Y. Sept. 25, 2023)); and (2) a petition filed with the Second Circuit challenging the decisions of the Immigration Judge and Board of Immigration Appeals that his state convictions constituted controlled

## II.   SOVEREIGN IMMUNITY AND *BIVENS*

As the Court previously explained, *see* Dkt. 13 at 4, "[a]bsent an 'unequivocally expressed' statutory waiver, the United States, its agencies, and its employees (when functioning in their official capacities) are immune from suit based on the principle of sovereign immunity." *Cnty. of Suffolk, N.Y. v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010) (citing *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260-61 (1999)).  "While the FTCA [Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80] provides a limited waiver of sovereign immunity for certain tort claims, Congress has not waived the United States' sovereign immunity with respect to constitutional tort claims." *Davila v. Gutierrez*, 330 F. Supp. 3d 925, 937 (S.D.N.Y. 2018) (first citing *FDIC v. Meyer*, 510 U.S. 471, 478 (1994); and then citing *Chen v. United States*, 854 F.2d 622, 625-26 (2d Cir. 1988)), *aff'd*, 791 F. App'x 211 (2d Cir. 2019).[3]

---

substance offenses that rendered him removable, which remains pending.  *See Antigua v. Bondi*, Second Circuit Court of Appeals Docket No. 22-6535, Dkt. 1 (2d Cir. Nov. 18, 2022).

[3]   As it did previously, *see* Dkt. 13 at 4 n.3, the Court declines to construe the amended complaint as making a claim pursuant to the FTCA.  First, Plaintiff's amended complaint does not name the United States as defendant as required by 28 U.S.C. § 1346.  Second, while Plaintiff has attached some grievances and correspondence to the amended complaint, it remains unclear whether Plaintiff fully exhausted his administrative remedies by presenting his claim to the appropriate federal agency as required by 28 U.S.C. § 2675(a).  Likewise, because Plaintiff has named only federal defendants, the Court has not interpreted the amended complaint as asserting any claim pursuant to 42 U.S.C. § 1983. *See Haynes v. Quality Markets*, No. 02-CV-250, 2003 WL 23610575, at *2 (E.D.N.Y. Sept. 22, 2003) ("[T]he actions of the federal government and its agencies and officials are beyond the purview of § 1983, which applies only to state actors acting under color of state law." (first citing *Wheeldin v. Wheeler*, 373 U.S. 647, 650 (1963); and then citing *District of Columbia v. Carter*, 409 U.S. 418, 423-25 (1973)), *report and recommendation adopted sub nom. Haynes v. Quality Markets (The Penn Traffic Co.)*, 2004 WL 1146050 (W.D.N.Y.

Correspondingly, "Congress has never 'provide[d] a specific damages remedy for plaintiffs whose constitutional rights were violated by agents of the Federal Government.'" *Cohen v. Trump*, No. 23-35, 2024 WL 20558, at *2 (2d Cir. Jan. 2, 2024) (alteration in original) (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 130 (2017)), *cert. denied*, 145 S. Ct. 415 (2024). "A *Bivens* action is a judicially-created remedy designed to provide individuals with a cause of action against federal officials who have violated their constitutional rights." *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) (citation omitted). Because of sovereign immunity and the absence of a statutory damages remedy, "[c]onstitutional tort claims . . . must be brought against individual federal agents or employees in their individual capacities through a *Bivens* action." *Davila*, 330 F. Supp. 3d at 937 (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994)).

Plaintiff's amended complaint does not name any new defendants and largely recites identical allegations to those in the original complaint. Plaintiff's amended complaint thus suffers from the same, clear subject-matter jurisdiction defect discussed in the Court's prior Decision and Order. *Byvalets v. 1053 Owners Corp.*, No. 22-2766, 2023 WL 8643139, at *1 (2d Cir. Dec. 14, 2023) ("When a court dismisses without prior notice for lack of subject-matter jurisdiction, the defect must be 'unmistakably clear.'") (quoting *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018)). Because Plaintiff again brings claims against two federal agencies—DHS and ICE—and not against any federal

---

Mar. 25, 2004), *aff'd sub nom. Haynes v. Quality Markets*, 307 F. App'x 473 (2d Cir. 2008).

officer in his or her individual capacity, the amended complaint must be dismissed for lack of subject-matter jurisdiction. *See Robinson*, 21 F.3d at 510 ("[T]o the extent that Robinson's claims constituted a *Bivens* action against AAFES, [a federal agency,] or the individual federal defendants in their official capacities, they were properly dismissed for want of subject matter jurisdiction." (citing *Meyer*, 510 U.S. at 485-86)).[4]

For all the reasons discussed above as well as in the Court's prior Decision and Order, this Court lacks subject matter jurisdiction over Plaintiff's claims. The amended complaint is dismissed without prejudice and without leave to amend. *See Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) ("Article III deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist."); *Arutyunyan v. Fed. Bureau of Investigation, New York State*, No. 17-3831, 2018 WL 11403559, at *1 (2d Cir. Mar. 26, 2018) (vacating and remanding with instructions to permit an amended complaint where the district court dismissed the complaint pursuant to Rule 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)(i) without leave to amend).

---

[4] As the Court previously noted, *see* Dkt. 13 at 6 n.4, there are other potential bars to portions of Plaintiff's claims and requested relief. For instance, Plaintiff again seeks reinstatement of his permanent resident status, (Dkt. 14 at 6), which he presumably lost in the removal proceeding. This Court, however, would be without jurisdiction to grant relief that would be an indirect challenge to the underlying removal order. *See* 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . . ."); *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011) (the jurisdictional bar of § 1252(a)(5) encompasses "indirect" challenges to removal orders).

**CONCLUSION**

For the reasons set forth above, the complaint is dismissed pursuant to Rule 12(h)(3)

for lack of subject-matter jurisdiction.

**ORDER**

IT IS HEREBY ORDERED that the complaint (Dkt. 1) is dismissed without

prejudice and without leave to amend; and it is further

ORDERED that the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied

for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962);

*see also Paige v. City of New York*, No. 10-CV-5469 SLT RER, 2011 WL 3701923, at *6

(E.D.N.Y. Aug. 23, 2011) (applying § 1915(h)(3) where plaintiff had paid the filing fee);

and it is further

ORDERED that the Clerk of Court is directed to close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court


Dated:        July 23, 2026
              Rochester, New York